NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LAMARCUS ANTONIO SLYDELL,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　Case No. 2D16-4983
　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Appellee.　　　　　　　)
_____)

Opinion filed March 14, 2018.

Appeal from the Circuit Court for Sarasota
County; Charles E. Roberts, Judge.

Howard L. Dimmig, II, Public Defender, and
Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch, Assistant
Attorney General, Tampa, for Appellee.


KELLY, Judge.

　　　　　　Lamarcus Slydell appeals from his judgment and sentences for carrying a

concealed firearm and possession of a firearm by a convicted felon.  He argues that it is

legal to carry a concealed weapon in Florida if one has a permit to do so, and therefore

a confidential informant's tip that he possessed concealed weapons without any

allegations that he was engaged in criminal activity did not provide a reasonable suspicion for the investigatory stop; therefore, the trial court erred in denying his dispositive motion to suppress. We agree and reverse.

A confidential informant saw Slydell displaying several guns inside a club. The informant did not know Slydell but described him and the guns to a Sarasota County detective and reported that the guns were concealed in Slydell's gym shorts. When Slydell left the club the detective notified two uniformed police officers on patrol in the area that a black male with long dreads, glasses, a black shirt, black shorts with red trim, and black sandals, was in possession of three firearms and that he was walking westbound on the sidewalk. The officers approached Slydell, who fit the detective's description, and observed that a heavy object was weighing down Slydell's shorts pocket. The officers ordered Slydell to the ground at gunpoint and then saw the barrel of a gun in his pocket. The officers retrieved two semiautomatic handguns and a revolver from Slydell. The trial court denied Slydell's motion to suppress on the grounds that the officers had a very detailed tip from a reliable informant describing Slydell and his guns, and the officer saw the outline of a gun in Slydell's pocket, thus corroborating the tip.

Slydell contends that the trial court erred in denying his motion to suppress because neither the tip nor the observation of the gun in his pocket gave the officer a reasonable suspicion to detain him, citing Regalado v. State, 25 So. 3d 600 (Fla. 4th DCA 2009). The State counters that the reliability of the confidential informant and the accuracy of the tip provided a reasonable suspicion, if not probable cause, for the stop.

In Regalado, an officer received information from a patron in a restaurant that Regalado had raised his shirt and exposed a gun in the waistband of his pants. Id. at 601. The officer stopped Regalado at gunpoint outside the restaurant and ordered him to the ground on the basis of the tip. In reversing Regalado's conviction for carrying a concealed weapon, the Fourth District noted that possession of a concealed firearm is legal in Florida if the carrier has a concealed weapons permit. Id. at 604. The court reasoned that although the officer observed a bulge that resembled a gun in Regalado's waist area, no facts were presented to show that Regalado's carrying of a concealed weapon was without a permit and thus illegal. The court stated, "In this case, neither the anonymous tip nor the officer's observations revealed any suspicion of past, present, or future criminal activity. Therefore, there was no authority for the officer to pull his gun and order the defendant to the ground." Id. at 606-07.

"In order not to violate a citizen's Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity." Popple v. State, 626 So. 2d 185, 186 (Fla. 1993); see also § 901.151(2), Fla. Stat. (2016); United States v. Place, 462 U.S. 696, 702 (1983) (holding that the police may "make a *forcible stop* of a person when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity"). Reasonable suspicion of criminal activity may arise from informants' tips, "but whether tips can provide reasonable suspicion depends upon both the quantity and quality of the information." Regalado, 25 So. 3d at 603. As in Regalado, the only activity the informant reported to the detective was that Slydell was in possession of firearms. "[T]here is no firearm or weapons exception to the Fourth Amendment . . . ." J.L. v.

- 3 -

State, 727 So. 2d 204, 209 (Fla. 1998), aff'd, 529 U.S. 266 (2000).  No matter how reliable the confidential informant or how detailed the description of Slydell and the guns, the tip did not allege any criminal activity, and in particular it did not reveal Slydell's status as a felon nor did it say whether he had a concealed weapons permit.

Upon encountering Slydell, the officers saw a bulge in Slydell's shorts pocket and presumed it was a gun based on the information given to them, but they did not observe any conduct that would constitute a crime or impending crime, they did not know he was a felon, and they did not ask Slydell any questions before ordering him to the ground.  Whether Slydell had a concealed weapons permit, was "a fact that an officer cannot glean by mere observation."  Regalado, 25 So. 3d at 606; cf. Mackey v. State, 124 So. 3d 176, 184-85 (Fla. 2013) (concluding that the officer had authority to detain the defendant and conduct a protective frisk to remove the weapon based on the officer's observation of a firearm in the defendant's pocket and the defendant's untruthful responses to questions about the firearm).

Accordingly, we reverse Slydell's convictions for carrying a concealed firearm and possession of a firearm by a felon.

Reversed.

SILBERMAN and LUCAS, JJ., Concur.